# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHINOOK LICENSING DE, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 13-2078-LPS ) ) **JURY TRIAL DEMANDED** |
| SCRIBD, INC., | ) ) |
| Defendant. | ) |

## SCRIBD'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant Scribd, Inc. ("Scribd"), by and through its undersigned counsel, files this Answer to the Complaint filed by Plaintiff Chinook Licensing DE, LLC ("Chinook") on December 20, 2013 (D.I. 1).

## NATURE OF THE COMPLAINT

1. The statements in this paragraph do not require a response. To the extent a response is required, Scribd admits that Chinook purports to assert claims for patent infringement against Scribd. Except as expressly admitted, Scribd denies the remaining allegations of this paragraph.

## THE PARTIES

2. Scribd lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis denies them.

3. Scribd admits the allegations of this Paragraph.

4. Paragraph 4 contains legal conclusions that do not require a response by Scribd. To the extent the paragraph contains allegations requiring a response, Scribd denies that it practices the claims of the patent-in-suit.

## JURISDICTION AND VENUE

5. Paragraph 5 contains legal conclusions that do not require a response by Scribd. To the extent the paragraph contains allegations requiring a response, Scribd admits only that this Court has subject matter jurisdiction.

6. Paragraph 6 contains legal conclusions that do not require a response by Scribd. To the extent the paragraph contains allegations requiring a response, Scribd admits only that it is incorporated in Delaware. Scribd denies that it otherwise has any systematic and continuous contacts with this jurisdiction, and denies that Chinook has suffered any injury. Except as expressly admitted, Scribd denies the remaining allegations of Paragraph 6.

7. Paragraph 7 contains legal conclusions that do not require a response by Scribd. To the extent the paragraph contains allegations requiring a response, Scribd denies that it does substantial business in this jurisdiction, denies that it regularly does or solicits business in this jurisdiction, denies that it engages in persistent courses of conduct in this jurisdiction, and denies that it derives substantial revenue from goods and services provided to individuals in this jurisdiction.

8. Scribd admits only that on information and belief some of its users may be located in Delaware. Scribd denies the balance of this paragraph.

9. Scribd denies that in Delaware Scribd makes, uses, imports, offers for sale, or sells products which include features that fall within the scope of at least one claim of the '482 patent.

10. Paragraph 10 contains legal conclusions that do not require a response by Scribd. To the extent the paragraph contains allegations requiring a response, Scribd admits only that it is incorporated in this jurisdiction. Scribd denies the balance of this paragraph.

## THE PATENT-IN-SUIT

11. Scribd admits that Chinook has brought a suit against Scribd on only United States Patent No. 7,047,482 (the '482 Patent). Scribd denies that it infringes this patent.

12. Scribd admits only that the '482 Patent issued on May 16, 2006, and that copy of the '482 Patent is attached as Exhibit A to the Complaint. Scribd denies that the '482 Patent is valid and enforceable. Except as expressly admitted or denied, Scribd denies the remaining allegations of Paragraph 12 for lack of knowledge or information sufficient to form a belief as to the truth of those allegations.

13. Scribd admits only that the '482 Patent contains three independent claims and seventeen dependent claims. Scribd denies the remaining allegations of this paragraph.

## DESCRIPTION OF THE ACCUSED PRODUCT

14. Scribd admits that it is a digital library and e-book service. Scribd admits that its website recommends content to users. Scribd admits that its website enables a user to "like" content. Scribd denies the remaining allegations of this paragraph.

## COUNT 1:
## INFRINGEMENT OF THE '482 PATENT

15. Scribd re-alleges and incorporates by reference the allegations set forth in paragraph 1-14.

16. Scribd denies the allegations of this paragraph.

17. Scribd denies the allegations of this paragraph.

18. Scribd denies the allegations of this paragraph.

19. Scribd denies the allegations of this paragraph.

20. Scribd denies the allegations of this paragraph.

21. Scribd denies the allegations of this paragraph.

22. Scribd denies the allegations of this paragraph.

23. Scribd denies the allegations of this paragraph.

24. Scribd denies the allegations of this paragraph.

## JURY DEMAND

Scribd admits that Chinook has requested a jury trial of this action.

## ANSWER TO PRAYER FOR RELIEF

Scribd denies any and all accusations contained in Chinook's Prayer for Relief and denies that Chinook is entitled to any relief in paragraphs A through F of its Prayer for Relief or to any relief in any form whatsoever.

## DEFENSES

Scribd incorporates by reference the foregoing paragraphs in their entirety and states its Defenses to Maxim's Complaint as follows:

### FIRST DEFENSE – NO PATENT INFRINGEMENT

25. Scribd does not infringe and has not infringed, directly, indirectly, or jointly, any valid and enforceable claim of the '482 Patent.

26. Scribd does not infringe and has not infringed any valid and enforceable claims of the '482 Patent either literally or under the doctrine of equivalents.

### SECOND DEFENSE – PATENT INVALIDITY

27. The claims of the Asserted Patents are invalid for failure to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including, without limitation, §§ 101, 102, 103, and/or 112.

### THIRD DEFENSE – LIMITATION ON DAMAGES

28. Plaintiff's claim for damages, if any, against Scribd for alleged infringement of the Asserted Patents is limited by 35 U.S.C. §§ 286, 287 and/or 288.

### FOURTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

29. Plaintiff is estopped from asserting one or more of the claims of the patent-in-suit in such a way as to allegedly cover Scribd's activities by reason of statements and claim amendments made by or on behalf of the applicant to the United States Patent and Trademark Office and/or narrowing amendments made during the prosecution of the applications that led to the issuance of the Asserted Patents.

### RESERVATION OF DEFENSES

30. Scribd hereby reserves the right to supplement with additional defenses as discovery proceeds in this matter.

### PRAYER FOR COSTS

31. Chinook failed to perform adequate due diligence regarding the accused Scribd technology. On or around February 13, 2014, Scribd, through the undersigned counsel, provided Chinook with technical information that demonstrated that the Scribd system does not and, indeed, cannot practice any claim of the '482 Patent. Without basis, Chinook has chosen to maintain its baseless lawsuit against Scribd regarding the '482 Patent. For these reasons as well as others to be proven, this case is exceptional under 35 U.S.C. §285 and Scribd prays it be awarded its reasonable attorney fees and costs associated with defending itself from Chinook's baseless allegations.

### DEMAND FOR JURY TRIAL

Scribd hereby demands a jury trial as to all issues so triable.

-6-

                Respectfully submitted,

                POTTER ANDERSON & CORROON LLP

| OF COUNSEL: | By: | */s/ David E. Moore* |
|---|---|---|
| | | Richard L. Horwitz (#2246) |
| James Yoon | | David E. Moore (#3983) |
| Christopher D. Mays | | Bindu A. Palapura (#5370) |
| WILSON SONSINI GOODRICH & ROSATI | | Hercules Plaza 6th Floor |
| 650 Page Mill Road | | 1313 N. Market Street |
| Palo Alto, CA 94304 | | Wilmington, DE 19801 |
| Tel: (650) 493-9300 | | Tel: (302) 984-6000 |
| | | rhorwitz@potteranderson.com |
| Dated: March 20, 2014 | | dmoore@potteranderson.com |
| 1143461 / 41185 | | bpalapura@potteranderson.com |

                *Attorneys for Defendant Scribd, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## **CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on March 20, 2014, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on March 20, 2014, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Richard D. Kirk | Eugenio Torres-Oyola |
| Stephen B. Brauerman | Ferraiuoli LLC |
| Vanessa R. Tiradentes | 221 Plaza 5th Floor |
| Sara E. Bussiere | 221 Ponce de León Ave, |
| The Bayard Firm | San Juan, Puerto Rico  00917 |
| 222 Delaware Avenue, Suite 900 | etorres@ferraiuoli.com |
| Wilmington, DE  19899 | |
| rkirk@bayardlaw.com | |
| sbrauerman@bayardlaw.com | |
| vtiradentes@bayardlaw.com | |
| sbussiere@bayardlaw.com | |

By: */s/ David E. Moore*
    Richard L. Horwitz
    David E. Moore
    Bindu A. Palapura
    POTTER ANDERSON & CORROON LLP
    Tel:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com
    bpalapura@potteranderson.com

1136018/41185